**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HOWARD DERDIGER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: |
| VIVID SEATS LLC, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Howard Derdiger, individually and on behalf of all others similarly situated, through his undersigned counsel, alleges for his Class Action Complaint against Defendant, Vivid Seats LLC ("Vivid Seats" or "Defendant"), based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his counsel as follows:

**NATURE OF THE ACTION**

1.      This is a class action arising out of Defendant's deceptive pricing and advertising scheme whereby Defendant misrepresented the price of tickets sold on its website and/or app.

2.      Defendant's pricing is essentially a bait-and-switch scheme: it lures consumers to purchase tickets to concerts and sporting events by offering them a percentage discount but then charges them the original price, making such purchases no bargain at all. Put simply, Defendant fleeces consumers with a not-bargained-for price each time a consumer buys an event ticket using Defendant's purported discounts.

3.      Through its deceptive pricing and advertising scheme, Defendant uniformly represented and conveyed to consumers illusory or false promises of a discount.

4.  Based on the combination of the represented price reduction, combined with the express percentage discount, reasonable consumers would believe that Defendant was offering *bona fide* discounts off of original ticket prices.

5.  Defendant's false and misleading discount representations made it more likely that consumers would purchase event tickets from Defendant. Furthermore, Defendant's misleading claims of discounted prices were likely and did deceive Plaintiff and other members of the class, who were not inclined to purchase the tickets at all, to buy it from Defendant solely because they were misled into believing they were getting a good deal.

6.  As a result of this practice, Plaintiff and other class members overpaid for tickets purchased from Defendant. Additionally, Plaintiff and class members have purchased tickets they would not otherwise have purchased, or would have paid less for, had they known the true pricing. Plaintiffs and the class members have consequently suffered actual economic damages as a result of Defendant's unlawful conduct, as alleged further herein.

7.  Defendant's bait and switch pricing scheme gives rise to the claims made herein for (1) violation of Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, (2) breach of contract, (3) promissory estoppel, (4) common law fraud, and (5) unjust enrichment alleged herein, in the alternative.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the class, which number in excess of 100, are citizens of states different from Defendant.

9.  Personal jurisdiction over Defendants is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), (b)(4) (corporation doing business within this State),

and/or (c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(1),(4), and (c).

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

11.     Plaintiff, Howard Derdiger, is a natural person domiciled in Lincolnshire, Illinois. Plaintiff is a member of the class of the class defined herein.

12.     Defendant Vivid Seats LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Chicago, Illinois.  Defendant operates an independent secondary ticket marketplace, www.vividseats.com , for live events such as sports, concerts, and theater. Defendant is engaged in the sale and marketing of event tickets at issue herein.

## BACKGROUND

13.     The online ticketing industry has been dominated by a small conglomerate of power players—such as Ticketmaster and StubHub—that offer ticketing services for events of every scale.

14.     The secondary ticket market is huge and growing all the time. As such, secondary marketplaces such as Vivid Seats advertise better and cheaper prices for the consumer in order to stay competitive in the market.

15.     On its website, Vivid Seats boasts the following:

> Vivid Seats offers a premium shopping experience and the *industry's best ticket prices*. Our superior relationships with trusted sellers give you an unmatched selection of tickets to the hottest and most exclusive events around the world. And we don't stop there; we invest in technology to *keep our costs low, and pass the savings*

*on to you*. Thanks to this commitment, *our ticket prices average lower than those found on any other full-service marketplace*.[1]

16.     Consumers rely on the representations and advertisements of online ticket retailers in order to know the price of tickets for the different events advertised. Details such as nature, quality, and price are important and material to consumers at the time they purchase said tickets for an event.

17.     Defendant makes written and oral representations which contradict the actual prices of the tickets that will be delivered to the consumer after the consumer purchases the tickets.

18.     Defendant deceives consumers about the price of ticket events offered on its service by representing that its event tickets are being sold at a discount, when in fact, the tickets are being sold at its regular or original price.

19.     Specifically, Defendant advertises discounts to consumers through email.

20.     Below is an example of an email advertising one of Defendant's purported discounts:



---

[1]     *See      What      is      Vivid      Seats?*,      Vivid      Seats, https://support.vividseats.com/support/solutions/articles/1000210286-what-is-vivid-seats-      (last visited March 19, 2019) (emphasis added).

21.    Furthermore, when the consumer proceeds to buy tickets through Defendant's website and/or app, the pricing scheme is prominently displayed, including the "10% off" on various event tickets. Below is an example of a purported discount being applied to ticket prices:



22.    The discounted prices are clearly highlighted in red, while the original price is crossed out. However, the consumers are charged the original price for the tickets, rather than the discounted price they were promised.

23.    Defendant's advertised discount savings are fictional and constitute false savings representations.

24.    Defendant conceals the fact that its prices are not going to be the nature advertised in order to deceive consumers into utilizing their service.

25.    Numerous websites that provide a forum for consumers to post reviews of their experiences with a brand, include complaints from consumers regarding the alleged practices set forth herein. *See, e.g., VividSeats reviews,* *https://www.sitejabber.com/reviews/vividseats.com* (last visited March 19, 2019); and *Vivid Seats Reviews and Complaints,* *https://vivid-seats.pissedconsumer.com/review.html* (last visited March 19, 2019). Some examples, by no means exhaustive, appear below (errors in original):

**Greg M. on 9/20/18**

I was sent an email claiming a 10 % discount if I ordered today (Phillies braves Sept 22 ) . I ordered but discovered I received NO discount. When I called back I was switched around and still have no answers.

**rich r. on 9/14/17**

sent email for a discount code then did not credit me, scam. use stubhub refused to customer support and add discount told to dispute charges

**Doug o. on 6/22/17**

They will mislead you all over the place. They will send emails offering discounts that they won't honor. Just another very shady company

**anonymous on Nov 26, 2018**

Vivid Seats - Did I get discount

You didn't breakdown my order did I get my 10 percent discount did I get a 10 dollar gift card? 4 tickets at 44 dollars each total 207 dollars how did the price get to 207 dollars with discount and where is my gift card coming from?

**PrimeAbyssinian**

Vivid Seats – Tickets



Got a 10% off tickets notice. I bought the tickets and didn't get 10%.

26.     Plaintiff and the Class reasonably and justifiably acted and relied on Defendant's false pricing and advertising scheme. Defendant intentionally concealed and failed to disclose

material facts regarding the truth about the discounts in order to provoke Plaintiff and the Class to purchase event tickets from its service.

## FACTS RELATING TO PLAINTIFF

27.     Plaintiff received an email from Vivid Seats advertising a discount of "10%" on tickets.

28.     On or about December 14, 2018, Plaintiff purchased 4 tickets for a Bob Seger concert for a total of $1,269.08. The promised 10% discount was not applied to his purchase.

29.     With the discount applied, the tickets were advertised as costing $220 per ticket before taxes and fees. After purchasing the tickets, Plaintiff realized that he was charged $245 per ticket before taxes and fees. Plaintiff experienced a loss of $100 plus applicable taxes.

30.     The advertisement induced Plaintiff to purchase event tickets because it led Plaintiff to believe that by purchasing the tickets, he was enjoying a discount on a product formerly valued higher.

31.     Upon discovering the higher charges, Plaintiff complained to Vivid Seats that he was charged higher prices for tickets than advertised and requested a refund.

32.     Plaintiff was not offered any refund by Defendant. As a result, Plaintiff experience an economic loss, by paying an inflated price for tickets that Defendant represented as discounted.

33.     Had Plaintiff known at the time of purchase that the ticket prices were not as represented, he would not have purchased them.

34.     The experience of Plaintiff is not unique, as demonstrated by the anecdotes told by other members of the Class. *See, e.g., VividSeats reviews,* [https://www.sitejabber.com/reviews/vividseats.com](https://www.sitejabber.com/reviews/vividseats.com) (last visited March 19, 2019); and *Vivid Seats Reviews and Complaints,* [https://vivid-seats.pissedconsumer.com/review.html](https://vivid-seats.pissedconsumer.com/review.html) (last visited March 19, 2019).

## CLASS ACTION ALLEGATIONS

35.     This action satisfies the prerequisites for maintenance as a class action provided in

Fed. R. Civ. P. 23(a), as set forth below.

36.     *Class Definition.*  Plaintiff brings this action individually and on behalf of the

following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All natural persons domiciled in the United States or its territories
> who purchased event tickets from Vivid Seats the price of which
> Vivid Seats represented as discounted or otherwise reduced.

Excluded from the Class is Defendant and any of its respective officers, directors or employees,

the presiding judge, Class counsel and members of their immediate families, and persons or entities

who timely and properly exclude themselves from the Class.

37.     *Illinois Sub-Class.*  In the alternative, Plaintiff brings this action individually and

on behalf of a sub-class of Illinois consumers only who are members of the above-defined class.

38.     *Numerosity.*  The members of the Class are so numerous and geographically

dispersed throughout the United States such that joinder of all members is impracticable.  Plaintiff

believes that there are thousands of persons in the Class.  The exact number and identity of Class

members is unknown to Plaintiff at this time and can only be ascertained from information and

records in the possession, custody or control of Defendants.

39.     *Commonality.*  There are questions of law or fact common to the Class including,

*inter alia*, the following:

    a.      whether the Illinois Consumer Fraud and Deceptive Business Practices Act,

815 ILCS 505/1 *et seq.*, applies to the claims of Plaintiff and members of the Class and/or entitles

them to relief;

    b.      whether Defendant's labeling, marketing, advertising, and promotion of its

Product was false and misleading;

    c.      whether Defendant's conduct constitutes breach of contract;

d.      whether Defendant's conduct is precluded under the promissory estoppel doctrine;

e.      whether Defendant's conduct resulted in unlawful common law fraud;

f.      whether Plaintiff and the Class conferred a benefit on Defendant and whether it would be unjust for it to retain such benefits under the circumstances alleged herein;

g.      whether the Court has subject matter jurisdiction and whether venue in this district is proper;

h.      whether Plaintiff and the members of the Class are entitled to their damages, including treble damages, and the appropriate measure thereof; and

i.      whether equitable or injunctive relief is appropriate.

40.      *Typicality.*   The claims of Plaintiff are typical of the claims of the Class alleged herein.  Plaintiff and other members of the Class are all persons who were offered a discount and relied on the same false and/or misleading statement. Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

41.      *Adequacy.*   Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex and class action litigation.  The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

42.      *Fed. R. Civ. P. 23(b)(2) Requirements.*   The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendant has acted or has refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

43.     Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

44.     Defendant's uniform common course of conduct alleged herein makes declaratory relief with respect to the Class as a whole appropriate.

45.     *Fed. R. Civ. P. 23(b)(3) Requirements.*  This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

46.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

47.     This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## COUNT I

**(Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.)**

48.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47, *supra*, as though fully stated herein.

49.     This Count is brought on behalf of Plaintiff and other Illinois Class members and on behalf of those Class members from other states that have enacted a uniform deceptive trade practices act in the same or substantially similar form as that described herein.

50.    At all times material hereto, there was in full force and effect an act commonly known as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA").

51.    Section 2 of ICFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

52.    At all times material hereto, there was in full force and effect in this State an act commonly known as the Uniform Deceptive Trade Practices Act ("UDAP"), 815 ILCS 510/2 *et seq.*, incorporated by reference in Section 2 of ICFA, *supra*.

53.    The aforesaid acts and practices of Defendant constitutes unfair or deceptive acts or practices prohibited by Section 2 of ICFA, including but not limited to the use or employment of deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of material fact, with intent that Plaintiff and the Class rely thereon. *See* 815 ILCS 505/2.

54.    The aforesaid acts and practices of Defendants further fall within the practices prohibited by Section 2 of the Uniform Deceptive Practices Act incorporated by reference in 815 ILCS 505/2, *supra*.

55.    Defendant's unfair and deceptive practices, including advertising and offering discounts off the original price of tickets are likely to mislead – and have misled – the consumer

acting reasonably in the circumstances, and violate 815 ILCS 505/2. This includes misleading Plaintiff and the Class.

56.     Defendant's actions constitute "unfair" business acts or practices because, as alleged above, Defendant engaged in misleading and deceptive price advertising that represented false discounts.

57.     Defendant's acts and practices alleged above have deceived Plaintiff and the Class and are highly likely to deceive members of the consuming public. The misrepresentations played a substantial role in Plaintiff's decision, and that of the proposed Class, to purchase event tickets at a discount. Defendant intended that Plaintiff and the Class would rely on the deception by purchasing tickets from Defendant's service.

58.     Plaintiff and members of the Class have been aggrieved by Defendant's unfair and deceptive practices in that they purchased the tickets, which they would not have purchased or would not have paid as much for had they known the true facts. In turn, Plaintiff and the members of the Class ended up with tickets that were overpriced and inaccurately marketed, and therefore Plaintiff and the Class have suffered injury in fact.

59.     The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant, as more fully described herein.

60.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT II

### (Breach of Contract)

61.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47, *supra*, as though fully stated herein. This Count is plead in the alternative to Count V (Unjust Enrichment), *infra*, pursuant to Fed. R. Civ. P. 8(d)(2) and (3).

62.     Plaintiff and the members of the Class entered into a valid contract with Defendant for the provision of event tickets at a discounted price.

63.     Pursuant to the agreement, Defendant agreed to provide event tickets at a lower price than the original price.

64.     Pursuant to the agreement, Plaintiff and members of the Class paid the prices charged by Defendant for event tickets.

65.     Plaintiff and the members of the Class paid more than valuable consideration. Plaintiff and the Class relied on the fact that the tickets Defendant advertised on its service to be of a particular nature and price, namely that Defendant sold the tickets at a discount. Plaintiff and the Class were never informed, in writing or orally, that Plaintiff and the Class were purchasing tickets at the original price.

66.     Defendant failed to perform its obligations under the agreement because Defendant charged Plaintiff and members of the Class higher prices than promised by Defendant.

67.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT III

### Promissory Estoppel

68.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47, *supra*, as though fully stated herein.

69.     Defendant's discount is a promise made to Plaintiff and the Class.

70.     Plaintiff and Class members relied on the promise by purchasing tickets through Defendant's service.

71.     This reliance was detrimental to Plaintiff and Class members in that they paid more for tickets than they would have paid for the identical tickets with the discount.

72.     It was reasonable for Plaintiff and Class members to rely on a promise from Defendant of a discount.

73.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT IV

### (Common Law Fraud)

74.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47, *supra*, as though fully stated herein.

75.     At all times during its advertising, marketing, and sale of the event tickets, Defendant made material misstatements of fact to Plaintiff and Class members regarding purported discounts. As a result, Plaintiffs and the Class were fraudulently induced to purchase the event tickets.

76.     These misstatements made by Defendant were made with knowledge of their falsity, and with the intent that Plaintiff and members of the Class would rely upon them.

77.     As described herein, Defendant fraudulently marketed illusory discounts on tickets.

78.     At the time that Defendant made these misrepresentations and concealments, and at the time that Plaintiff and Class members purchased the tickets, Plaintiff and the Class were unaware of the falsity of these misrepresentations, and reasonably believed them to be true.

79.     Plaintiff and Class members did in fact rely upon Defendant's misrepresentations concerning the purported discounts on tickets.

80.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT V

### (Unjust Enrichment)

81.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47, *supra*, as though fully stated herein.  This Count is plead in the alternative to Count II (Breach of Contract), *supra*, pursuant to Fed. R. Civ. P. 8(d)(2) and (3).

82.     Plaintiff and the Class members have conferred substantial benefits on Defendant by purchasing the tickets, and Defendant has knowingly and willingly accepted and enjoyed these benefits.

83.     Defendant either knew or should have known that the payments rendered by Plaintiff and the Class members were given and received with the expectation that the tickets would be as represented and warranted.

84.     Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, and sale of the tickets, including charging higher prices for tickets than advertised, Defendant reaped benefits, which resulted in Defendant wrongfully receiving profits.

85.     Plaintiff and the members of the class would not have purchased the tickets had they been fully informed regarding the above-referenced policies and procedures.

86.     Defendants' acceptance and retention of the aforesaid benefits under the circumstances alleged herein would be inequitable absent the repayment of such amounts to Plaintiff and the Class.

87.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, prays for judgment in their favor and against Defendant and for the following relief:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, certifying the Class defined herein and designating Plaintiff as representative of the Class and his undersigned counsel as Class counsel;

B.      Awarding Plaintiff and the Class (1) their actual damages, (2) such treble damages as the Court may allow, and (3) the costs of this action together with reasonable attorneys' fees as determined by the Court;

C.      Awarding Plaintiff and the Class all allowable pre- and post-judgment interest on the foregoing awarded damages;

D.      Awarding Plaintiff and the Class equitable relief including, *inter alia*, disgorgement of Defendants' ill-gotten gains;

E.       Granting appropriate injunctive and declaratory relief; and

F.      Awarding such other and further available relief and any other relief the Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

- 17 -

Date:  March 19, 2019

Respectfully submitted,

HOWARD DERDIGER

By:      s/ William M. Sweetnam

William M. Sweetnam
Natasha Singh
SWEETNAM LLC
100 North La Salle Street, Suite 2200
Chicago, Illinois  60602
(312) 757-1888
wms@sweetnamllc.com
ns@sweetnamllc.com

*Attorneys for Plaintiff and the Class*